Irven RHODES, Plaintiff-Appellee,

v.

MTD PRODUCTS, INC., Defendant-Appellee, Cross-Appellant,

v.

FIRESTONE STORES, et al., Defendants-Appellants, Cross-Appellees.

Nos. 79–3723, 79–3724.

United States Court of Appeals,
Sixth Circuit.

Argued June 1, 1981.

Decided July 2, 1981.

Albert F. Reutlinger, Louisville, Ky., for defendants-appellants, cross-appellees.

* Honorable Odell Horton, U. S. District Judge for the Western District of Tennessee, sitting by designation.

David S. Stierle, Stierle & Stierle, Frederick C. Dolt, Louisville, Ky., for Irven Rhodes.

Lively M. Wilson, Douglass Farnsley, Louisville, Ky., for MTD Products.

Before EDWARDS, Chief Judge, KENNEDY, Circuit Judge and HORTON,* District Judge.

PER CURIAM.

This is an appeal from a products liability judgment entered in the District Court for the Western District of Kentucky under the diversity jurisdiction of said court. Plaintiff in this case purchased a rotary garden tiller from defendant Firestone stores which in turn had purchased said rotary garden tiller from its manufacturer, MTD Products, Inc. MTD acknowledged its obligation to indemnify defendant Firestone for any product liability recovery against Firestone based on a claim of defective design. Plaintiff's suit originally alleged that the defective condition of the tiller when Firestone sold it was the proximate cause of his injury but subsequently added an allegation that thereafter Firestone had also "negligently and carelessly" repaired the machine and that said negligent repairs contributed to his injury. MTD, because of conflicting interest with Firestone, sought and received permission to intervene as a third party defendant.

The gross facts of the case show that while plaintiff Rhodes was walking the machine across the ground toward a storage shed, the tiller suddenly reversed, seriously injuring his foot and leg. Plaintiff presented expert witness testimony which tended to show that improper design of the clutch on the rotary tiller might have occasioned the sudden reversal. Plaintiff also presented evidence indicating that improper repair of the tiller might have contributed to the accident. Both defendants presented expert evidence designed either to show no negligence on anyone's part or tending to cast the burden upon the other defendant.

After full jury trial and submission of the case to the jury on instructions which contain no reversible error, the jury found for plaintiff Rhodes in the amount of $50,000, specifically finding "that the injuries to the plaintiff, Irven Rhodes, were caused by both defective design of the tiller by MTD Products, Inc. and [failure] to properly adjust and repair the tiller by Firestone Stores, Firestone Tire and Rubber Company." The jury further determined that the injuries were caused 50% by failure to properly design and 50% by failure to adjust and repair. The District Judge entered judgment in favor of plaintiff against Firestone in the sum of $50,000, and further decreed that Firestone recover from MTD Products the sum of $25,000.

Since we are unable to find in the record any reversible error on the part of the trial judge, and the jury verdict appears entirely consistent with the proofs in the case, the judgment of the District Court as entered is hereby affirmed.